UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL PREWITT, | ) |
| Plaintiff, | ) |
| v. | ) 15-CV-1040 |
| PEORIA COUNTY JAIL, | ) |
| Defendant. | ) |

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se from his incarceration in Vandalia Correctional Center, seeks leave to proceed in forma pauperis. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. Plaintiff originally filed his case in the Northern District of Illinois, but the case was transferred to the Central District of Illinois because the alleged incident occurred during Plaintiff's incarceration in the Peoria County Jail.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts

must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

On or about October 16, 2013, Plaintiff allegedly suffered an injury to his knee when he slipped on water on the floor in the Peoria County Jail. X-rays of Plaintiff's knee showed osteoarthritis and osteoporosis, but no acute fracture, effusion, or dislocation. (Complaint p. 4.) Plaintiff seeks money damages for his injuries and suffering.

The plaintiff's allegations do not state a plausible claim for the violation of a federal law. Federal law protects the plaintiff from deliberate indifference to a substantial risk of serious harm. *Brown v. Budz*, 398 F.3d 904, 909, 913 (7th Cir.2005). Water on the floor may be a potentially unsafe condition but is not a substantial risk of serious harm under constitutional standards. *Watkins v. Lancor*, 558 Fed.Appx. 662 (7th Cir. 2014)(unpublished)(water leaking from dishwasher in prison kitchen was not a "sufficiently serious condition" even though inmate slipped and broke his finger)(*citing cases in support, including Snipes v. DeTella,* 95 F.3d 586, 592 (7th Cir.1996) ("'inch or two of standing water in the shower' does not

pose excessive risk to safety" of inmates). Additionally, negligence—a claim that prison officials should have perceived the risk and taken reasonable steps to address the risk—is not enough to state a claim for deliberate indifference. *Id.* "[N]egligence, even gross negligence, does not violate the Constitution." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). If plaintiff is trying to pursue a negligence claim, that claim must be pursued in the Illinois Court of Claims. *Loman v. Freeman*, 229 Ill.2d 104, 113 (2008)("Where the alleged negligence is the breach of a duty imposed on the employee solely by virtue of his state employment, the Court of Claims has exclusive jurisdiction.").

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment would be futile because water on the floor is simply not a sufficiently serious condition to amount to a substantial risk of serious harm.

2) This case is closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

3) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).

4) Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

5) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

**6) The clerk is directed to record Plaintiff's strike in the three-strike log.**

**7) Plaintiff's pending motions are denied as moot (5, 11).**

**8) The clerk is directed to close this case.**

ENTERED: 5/12/15

FOR THE COURT:

                                        **s/Michael M. Mihm**
                                      MICHAEL M. MIHM
                         UNITED STATES DISTRICT JUDGE